NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SERAJUL HAQUE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2717

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00471-MCW, Judge Mary Ellen Coster Williams.

---

Decided: April 7, 2017

---

SERAJUL HAQUE, Milpitas, CA, pro se.

EMMA BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before PROST, *Chief Judge,* NEWMAN and DYK, *Circuit Judges.*

PER CURIAM.

Serajul Haque appeals from an order of the U.S. Court of Federal Claims ("Claims Court") dismissing Mr. Haque's complaint for lack of subject matter jurisdiction. Because we find that the Claims Court properly found that it lacked jurisdiction over this case, we affirm.

On April 13, 2016, Mr. Haque filed a complaint at the Claims Court. Appellee's App. 7–8. In his complaint, Mr. Haque sought judicial review of a decision by the Social Security Administration and listed the "Commissioner of Social Security" as the defendant. Mr. Haque alleged that the Commissioner issued an adverse decision with respect to his retirement benefits. Mr. Haque further asserted that he had "exhausted administrative remedies in this matter and this court has jurisdiction pursuant to Title 42, U.S.C. § 405(g)." *Id.* at 8.

On September 22, 2016, the Claims Court dismissed Mr. Haque's complaint for lack of jurisdiction. The Claims Court noted that Mr. Haque's "complaint appears to be a form complaint for judicial review of a decision of the Commissioner of Social Security in the United States District Court for the Northern District of California." *Id.* at 2. The Claims Court explained that claims brought under 42 U.S.C. § 405(g) arise only in district court, not the Court of Federal Claims. *Id.* at 2–3.

Section 405(g), which governs judicial review of social security appeals, states that "such an action shall be brought in the *district court* of the United States for the judicial district in which the plaintiff resides," here the Northern District of California. 42 U.S.C. § 405(g) (emphasis added). The Claims Court thus properly dismissed this case for lack of jurisdiction.

Mr. Haque also alleges in his informal appeal brief here that the Claims Court failed to take into account his purported "consultancy to governments on reforms Gov of Bangladesh/CA/USA/County-SC 1980-2016 not yet recognized, appreciated, granted or accepted on service to USA." Appellant's Br. 1. Although it is unclear what consultancy Mr. Haque is referencing, it is clear that this consultancy was not included in Mr. Haque's complaint. And because "[d]etermination of jurisdiction starts with the complaint," Mr. Haque's purported consultancy-based dispute does not cure the jurisdictional deficiency of his social security appeal. *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983)).

This court has reviewed Mr. Haque's various filings including his miscellaneous letters (ECF Nos. 4, 16–18, 21, 23–27, 30–33, 35–37, 39, 41–42, 45, and 48) and find them to be unavailing. This court has also reviewed Mr. Haque's motion for other relief (ECF No. 47) filed on March 29, 2017, and denies it as moot.

For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**

COSTS

The parties shall bear their own costs.